UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **BILLIE DAWN BOOK** | **CIVIL DOCKET NO. 1:20-CV-00297** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LASALLE PARISH SCHOOL BOARD, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT ("Motion") filed by Defendants, LaSalle Parish School Board and Janet Tullos (collectively, "Defendants"). [Doc. 30]. For the following reasons, the Defendants' Motion is GRANTED in part and DENIED in part. The remaining state law claims are REMANDED to the 28th Judicial District Court, LaSalle Parish, Louisiana.

### FACTUAL BACKGROUND

This matter arises out of a dispute over the nonrenewal of an elementary school principal's contract by the LaSalle Parish School Board ("School Board"). Plaintiff Billie Dawn Book ("Plaintiff" or "Book") served as the principal of Olla-Standard Elementary School in the LaSalle Parish School System ("OES"). [Doc. 30-1, ¶ 11]. Her employment contract to serve as principal contained a two-year term, beginning on June 2, 2017, and ending on June 1, 2019. [Doc. 30-1, ¶ 13].

Prior to the expiration of her contract, the Superintendent of the LaSalle Parish school system, Janet Tullos ("Tullos" or "Superintendent Tullos"), notified Plaintiff in writing on January 30, 2019, of her initial decision that she would recommend against renewing Plaintiff's contract to extend her tenure as principal

1

through the 2019-2020 school year. [Doc. 1-1, ¶ 3]. Superintendent Tullos justified her recommendation based on alleged "deficiencies in [Plaintiff's] management and operation of OES." [Doc. 30-1, ¶ 22]. Concurrent with her recommendation against renewing Plaintiff's contract, Tullos placed Plaintiff on administrative leave with pay pending an investigation into Plaintiff's performance of her duties as principal. [Doc. 30-1, ¶ 31]. Superintendent Tullos timely provided notice of her decision to Plaintiff in writing. [Doc. 30-1, ¶ 32].

Following the investigation, the School Board held a meeting on May 6, 2019, to discuss the results. At the board meeting, Superintendent Tullos made a final recommendation against renewing Plaintiff's contract. [Doc. 30-1, ¶ 95]. Plaintiff did not attend this meeting. [Doc. 30-1, ¶ 95; Doc. 32-1, ¶ 11]. Ms. Tullos likewise provided written notice to Book of her final recommendation to the School Board. [Doc. 30-1, ¶ 96]. Ultimately, on May 6, 2021, the School Board voted to accept the Superintendent's recommendation against renewing Plaintiff's contract. [Doc. 30-1, ¶ 98]. Following the School Board's decision, Defendants offered Ms. Book a teaching position within the school system for the 2019-2020 school year. [Doc. 30-1, ¶ 99]. Plaintiff declined the offer. [Doc. 30-2].

## PROCEDURAL HISTORY

On February 6, 2020, Plaintiff, *pro se*, filed a petition for damages against the School Board and Superintendent Tullos in the 28th Judicial District Court in LaSalle Parish. [Doc. 1-1]. The petition alleged: (i) violations of Plaintiff's due process rights under the United States Constitution and the Louisiana Constitution by the School

Board and Tullos [Doc. 1-1, ¶¶ 6, 10]; (ii) violations of state law stemming from Defendants' alleged failure to comply with Louisiana Revised Statute 17:443 and Title 28 Part CXLVII Bulletin 130 of the Louisiana Administrative Code, including claims against Tullos in her personal capacity for acting outside of her statutory authority [Doc. 1-1, ¶ 7]; and (iii) state law defamation claims against both Defendants. [Doc. 1-1, ¶ 15]. The petition seeks relief in the form of Plaintiff's "reinstatement as principal," as well as damages for "back pay, lost wages and benefits, interest, ... tenure, [and] attorneys' fees" and punitive damages. [Doc. 1-1, ¶ 14].

On March 6, 2020, Defendants removed the case to this Court on the grounds that the petition alleges a cause of action "arising under the laws of the United States." 28 U.S.C. § 1331. [Doc. 2]. On August 11, 2021, Defendants filed this Motion for Summary Judgment. [Doc. 30]. Plaintiff timely filed an opposition to the Motion [Doc. 32], to which Defendants filed a reply brief. [Doc. 33].

<u>LAW AND ANALYSIS</u>

### A.   *Summary Judgement Standard*

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

### B.  *Analysis*

Defendants argue in their Motion that: (i) Plaintiff improperly asserts 42 U.S.C. § 1983 ("Section 1983") claims against the School Board for the actions of Superintendent Tullos; (ii) Superintendent Tullos is entitled to qualified immunity because Plaintiff was afforded due process and cannot show that Defendants violated a clearly established constitutional right; and (iii) dismissal of Plaintiff's state law claim for defamation is warranted. [Doc. 30-2]. In opposition to the Motion, Plaintiff asserts the existence of a "genuine issue to be tried" and seemingly seeks to add a retaliation claim to the pleadings in her opposition brief. [Doc. 32]. The Court addresses each of these contentions in turn.

### I.  **Federal Claims Against Defendants in their Official Capacities**

Defendants first seek dismissal of Plaintiff's claims against them in their official capacities because Plaintiff fails to allege that any School Board policy or custom caused their alleged damages, and because there is no evidence that the Defendants maintained an unconstitutional policy with a causal connection to the alleged constitutional violations. [Doc. 30-2].

As a preliminary matter, the Court finds that Plaintiff's claims against Superintendent Tullos in her official capacity are redundant given the presence of claims against the School Board in its official capacity. It is well-settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability. *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978)). [1] Accordingly, the claims against Superintendent Tullos in her official capacity are redundant of the claims against LaSalle Parish School Board and are properly dismissed.

Turning to the merits of Book's claims against the School Board, it is well established that a municipality may not be held liable under Section 1983 on a *respondeat superior* theory of liability. Rather, a municipality, such as the LaSalle Parish School Board[2], may only be held liable when the execution of an official "policy or custom" inflicts the injury. *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 691-694 (1978). In this respect, a plaintiff must show that the municipality made a deliberate or conscious choice that resulted in the alleged injury. *Goodman v. Harris County*, 571 F.3d 388, 396 (5th Cir. 2009).

---

[1]  "When … the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them." *Broussard v. Lafayette City-Parish Consolidated Government*, 45 F. Supp.3d 553, 571 (W.D. La. 2014) (first citing *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); then citing *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261 (5th Cir. 1996)).

[2]  *Monell* held that for the purposes of evaluating a Section 1983 cause of action, school boards and municipalities are indistinguishable. 436 U.S. at 696-99.

5

As a practical matter, "[t]o overcome summary judgment on a municipal liability claim, a plaintiff must ... 'demonstrate a dispute of fact as to three elements: that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.'" *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) (quoting *Davidson v. City of Stafford*, 848 F.3d 384, 395 (5th Cir. 2017)).

Fifth Circuit jurisprudence provides three ways for a plaintiff to establish a municipal policy for purposes of *Monell* liability. *Id.*

> First, a plaintiff can show "written policy statements, ordinances, or regulations."[3] Second, a plaintiff can show "a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy."[4] Third, even a single decision may constitute municipal policy in "rare circumstances" when the official or entity possessing "final policymaking authority" for an action "performs the specific act that forms the basis of the § 1983 claim."[5]

*Id.* at 214-15.

Here, Plaintiff does not point to any written policy or widespread practice that underpin her Section 1983 claims. Instead, the summary judgment evidence reflects that Superintendent Tullos – not any member of the School Board – was responsible for evaluating Book's performance and making a recommendation to the School Board based on that evaluation. La. Rev. Stat. 17:444(B)(4)(c)(iv); *See* [Doc. 30-1, ¶ 2]. Although Plaintiff challenges the underlying merits and fairness of Superintendent Tullos' evaluation of her service as principal of OES, that dispute is insufficient to

---

[3] *Alvarez v. City of Brownsville*, 904 F.3d 382, 389-90 (5th Cir. 2018).

[4] *Id.* at 390.

[5] *Davidson*, 848 F.3d at 395 (citation omitted).

sustain a *Monell* claim against the School Board. *See, e.g., Barrow v. Greenville Indep. Sch. Dist.,* 480 F.3d 377, 381-82 (5th Cir. 2007) (where state law makes the school board the policymaker and the superintendent the administrator, the school board is not liable under Section 1983 for the superintendent's refusal to recommend a teacher for promotion). The Court therefore grants summary judgment dismissing Plaintiff's Section 1983 claim against the School Board and Tullos in their official capacities.

## II. Federal Claims Against Superintendent Tullos

Defendants also seeks summary judgment on Plaintiff's constitutional due process claims against Superintendent Tullos in her individual capacity. Plaintiff argues that Superintendent Tullos' decision to suspend her and the School Board's subsequent decision not to renew her contract deprived her of procedural and substantive due process under the United States Constitution. Due process claims may arise under the Fifth[6] or Fourteenth Amendments.[7] Given that Plaintiff does not allege, and Defendants do not address, a due process violation by the federal government and, in fact, there are no federal employees or agencies involved in the relevant conduct, the Fifth Amendment is inapplicable to Plaintiff's allegations. The Court therefore restricts its analysis to Plaintiff's potential claims under the Due Process Clause of the Fourteenth Amendment.

---

6     U.S. Const. Amend. V.
7     U.S. Const. Amend. XIV.

### a. *Procedural Due Process*

The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall … deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. The threshold requirement of any due process claim, then, is a showing that the government deprived the plaintiff of a liberty or property interest. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 548 (5th Cir. 1989). Here, Plaintiff asserts that Superintendent Tullos wrongfully removed her as principal of OES and in doing so, deprived her of a property interest.[8]

It is well established that a public-school teacher has a constitutionally protected property interest in continued employment if he or she can demonstrate a reasonable expectation of continued employment. *Nunez v. Simms*, 341 F.3d 385, 387-88 (5th Cir. 2003) (citations omitted). Federal courts look to state law to determine whether a teacher had a reasonable expectation of continued employment. *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 538-39 (1985); *Nunez*, 341 F.3d at 388.

Defendants argue that Ms. Book lacks a protected property interest to recover under Section 1983. [Doc. 30-2]. Specifically, they argue that: (i) Plaintiff's placement on administrative leave did not infringe upon a protected right; (ii) Plaintiff did not have a constitutionally protected interest in the renewal of her principal contract, and (iii) Plaintiff did not have a constitutionally protected interest

---

[8] Plaintiff does not assert that her dismissal deprived her of a constitutionally protected liberty interest, nor does she point to any evidence which would support such a claim.

in state law or School Board policy. [Doc. 30-2]. Plaintiff does not address these arguments in her opposition.

While Louisiana teacher tenure provisions do create a property right in a teacher's continued employment under certain circumstances, these provisions are inapplicable here because Plaintiff did not obtain permanent status – *i.e.,* tenure – in her position as principal of OES. *See Lapointe v. Vermillion Parish School Bd.*, 2015-0423, p. 7 (La. 6/20/15), 173 So. 3d 1152, 1158; La. Rev. Stat. 17:444(B)(1)[9]. Indeed, Plaintiff's employment contract to serve as principal of OES does not include any provisions guaranteeing an extension of the contract, nor does Louisiana law provide an absolute property interest in reemployment as a school principal. *See* [Doc. 30-4]; La. Rev. Stat. 17:444(B)(c)(iv) ("the board shall negotiate and offer a new contract at the expiration of each existing contract unless the superintendent recommends against a new contract…"). Further, the parties do not dispute that Plaintiff declined an offer for a teaching position following the nonrenewal of her principal contract and, as such, was not deprived of any property interest in her antecedent teaching position. [Doc. 30-1, ¶ 99]. The Court therefore finds that Plaintiff did not have a reasonable expectation of continued employment following the expiration and nonrenewal of her employment contract.

---

[9] "Whenever a teacher who has acquired tenure, as set forth in R.S. 17:442, in a local public school system or the special school district is promoted by the superintendent by moving such teacher from a position of lower salary to one of higher salary, such teacher shall not be eligible to earn tenure in the position to which he is promoted, but shall retain any tenure acquired as a teacher, pursuant to R.S. 17:442."

Second, to the extent that Plaintiff claims that she suffered the loss of a property interest when she was placed on administrative leave with pay prior to the expiration of her contract, Plaintiff fails to adequately articulate the nature or extent of this loss, nor can the Court conceive of it *sua sponte*. It is true that a property interest did exist during the span of Ms. Book's contract period and therefore, any dismissal or termination of her contract would have triggered due process protections. *McDonald v. Mims*, 577 F.2d 951, 952 (5th Cir. 1978); *Driscoll v. Stucker*, 2004-9589 (La. 1/19/05), 893 So.2d 32. Yet, as Defendants note, several decisions in the Fifth Circuit hold that a suspension with pay does not implicate a property interest such as to be actionable under the Due Process Clause. *See Klinger v. Univ S. Miss*, 612 Fed.App'x 222 (5th Cir. 2015) (professor not deprived of a constitutionally protected property interest after placed on administrative leave with pay); *Richards v. City of Weatherford*, 145 F. Supp. 2d 786 (N.D. Tex. 2001) (municipal judge did not have due process protections when he was placed on administrative leave with pay; *see also Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. at 545-46 ("a public employer can avoid a due process problem by suspending a public employee with pay"). Thus, the Court likewise finds that Book was not deprived of a reasonable expectation of continued employment when she was placed on administrative leave with pay. [Doc. 30-2, ¶31].

Further, even if Plaintiff had a constitutionally protected property interest in continued employment, the Due Process Clause of the Fourteenth Amendment would only entitle her to notice and an opportunity to be heard. *Board of Regents of State*

*Colleges v. Roth*, 408 U.S. 564, 573 (1972). In this regard, in reviewing the School Board disciplinary hearing for federal due process deficiencies, this Court's task is not to review every disciplinary ruling *de novo*, but rather to simply determine whether Plaintiff was afforded the opportunity to rebut the charges against her.

Here, Plaintiff's petition alleges that she was "never given the opportunity to defend the allegations against her." [Doc. 1-1, ¶ 7]. The summary judgment evidence shows otherwise. Prior to the nonrenewal of her contract, Defendants provided Plaintiff with: (i) notice of the Superintendent's initial recommendation [Doc. 30-5]; (ii) an opportunity to respond to the charges against her during the March 6, 2019 interview and an opportunity to submit written objections to these charges [Doc. 30-2, ¶ 35]; [Doc. 32-1, ¶ 11]; [Doc. 30-2, ¶ 88]; (iii) notice of a hearing set before the School Board on May 6, 2019 [Doc. 30-5]; and (iv) an opportunity to appear at the School Board hearing [Doc. 30-5]. The Court finds that these procedural steps comport with the minimum requirements of federal due process. *Boddie v. Connecticut*, 401 U.S. 371, 378–79 (1971) (The minimum federal constitutional requirement is only that the party deprived of a protected right have "'an opportunity [for a hearing] ... granted at a meaningful time and in a meaningful manner,' for [a] hearing appropriate to the nature of the case," as well as "a meaningful opportunity to be heard.").

Finally, Plaintiff's argument that Defendants' failure to follow the procedures set forth in La. Rev. Stat. 17:443 and Title 28 Part CXLVII Bulletin 130 of the Louisiana Administrative Code violates her federal due process rights, lacks merit.

11

Federal law is clear that the failure to follow state law procedures, alone, will not support a due process claim under the United States Constitution. *Smith v. City of Picayune*, 795 F.2d 482 (5th Cir. 1986); *Stern v. Tarrant County Hospital District*, 778 F.2d 1052 (5th Cir. 1985). Indeed, a state may very well choose to provide greater procedural protection than is required under the United States Constitution. *Jackson Court Condominiums, Inc. v. City of New Orleans*, 665 F. Supp. 1235, 1248 (E.D. La. 1987).

It is clear in this case that Plaintiff received notice and a hearing that satisfies the minimum requirements of federal due process. The extent to which she is entitled to additional procedural protections by virtue of Louisiana Teacher's Tenure laws or otherwise is a matter of state, not federal constitutional law. *Levitt v. University of Texas at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985) ("such action may constitute a breach of contract or violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation."). Because the Plaintiff did not have a property interest in her continued employment as principal of OES and the process employed by Superintendent Tullos and the School Board in deciding not to renew her contract meets the minimum requirements of federal due process, the Court grants summary judgment dismissing Plaintiff's procedural due process claim under the Fourteenth Amendment.

    **b.**    *Substantive Due Process*

The Supreme Court has held that the Due Process Clause also contains a substantive component that bars certain arbitrary, wrongful, government actions

"regardless of the fairness of the procedures used to implement them." *Foucha v. Louisiana,* 504 U.S. 71, 80 (1992). To prevail on a substantive due process claim in the public employment context, the Plaintiff must show both: (i) that she had a property interest or right in her employment, and (ii) that the public employer's termination of that interest was arbitrary or capricious. *Moulton v. Cty. of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). In other words, only government employees who can show that they have a property interest in continued employment are entitled to the substantive due process protections of the Fourteenth Amendment. *Marceaux v. Lafayette City-Parish Consol. Gov.*, 921 F. Supp. 2d 605, 631-32 (W.D. La. 2013).

Here, Plaintiff alleges that Defendants violated her substantive due process rights by disciplining her and ultimately opting not to renew her contract. [Doc. 1-1, ¶¶ 6, 10]. Defendants' briefing in support of their Motion focuses on the second prong of the substantive due process analysis: that the conduct of the School Board and Superintendent Tullos was not arbitrary or capricious; rather their conduct was a rational means of advancing a legitimate government purpose. [Doc. 30-2].

It is unnecessary for the Court to consider whether Defendants' actions were arbitrary and capricious. *See Wigginton v. Jones*, 964 F.3d 329, 335 (5th Cir. 2020) ("The existence of a protected property interest is a threshold issue we must reach before we consider whether the defendants' actions were arbitrary and capricious."). As set forth above, neither Ms. Book's placement on administrative leave, nor the nonrenewal of her contract created a property right. "If there is no protected property interest, there is no process due." *Spuler v. Pickar*, 958 F.2d 103, 106 (5th Cir. 1992).

For this reason, she cannot prevail on her substantive due process claim and summary judgment dismissing this claim is appropriate.[10]

### III. Claim Against Defendants for Retaliation

In her opposition to the Motion, Plaintiff alleges for the first time a claim for retaliation against Defendants. Generally, Plaintiff seems to allege: (i) that Defendants improperly discharged her in retaliation for Plaintiff's demands to address an alleged "bat infestation" pestering the school, and (ii) that the alleged instances of her substandard performance were "subterfuge," "do not exist," or "do not rise to the level" sufficient to "justify her discharge." [Doc. 32]. Plaintiff does not address if or how her retaliation claim might relate to her other claims.

The law is clear in this circuit that claims which are not properly raised in the petition, but rather are instead raised only in response to a motion for summary judgment, are not properly before the Court. *Cutrera v. Board of Sup'rs of Louisiana State Univ.*, 429 F. 3d 108, 113 (5th Cir. 2005); *Putty v. Fed. Nat'l Mortg. Ass'n*, 736 F. App'x 484, 484-85 (5th Cir. 2018). Because the retaliation claim has not been properly pleaded, the Court declines to consider the merits, if any, of Plaintiff's claim for retaliation.[11] *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990).

---

[10] Because the Court finds that Superintendent Tullos' conduct did not violate Plaintiff's constitutional rights, the Court need not address the applicability of the doctrine of qualified immunity.

[11] This Court acknowledges that there is limited jurisprudence in the Fifth Circuit construing a claim raised for the first time in response to a summary judgment motion as a motion to amend the complaint. *See Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010) (per curiam). This Court finds *Riley* distinguishable from the instant case. In *Riley*, the novel claim required an inquiry that was "essentially the same" as a claim properly before the court. *Id.* at 338 n.4. Here, a retaliation claim under Section 1983 requires, among other things, the showing of a retaliatory motive. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th

### IV. Remaining State Law Claims

As stated above, Plaintiff initially filed the instant case in the 28th Judicial District Court in LaSalle Parish. The Defendants thereafter removed the case to this Court based on Plaintiff's vague references in her petition to violations of "federal due process rights." [Doc. 1-1, ¶ 6]; [Doc. 2, ¶ 3]. The Court has now determined that any federal claims asserted by the Plaintiff are properly dismissed. Accordingly, the Court must next decide whether exercising supplemental jurisdiction over the remaining state law claims is proper. Neither party addresses the issue of exercising supplemental jurisdiction in their briefing. Federal courts, however, are instructed to examine their jurisdictional basis at every stage of the litigation. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

The statutory factors set forth by 28 U.S.C. § 1367(c) and the common law principals of judicial economy, convenience, fairness, and comity guide district courts when determining whether to exercise jurisdiction over pendant state law claims. *Enochs. v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Carnegie-Mellon Univ.*, 484 U.S. at 350 (setting forth the common law factors). The statutory factors are: (1) whether the state law claims raise novel or complex issues of state law; (2) whether the state law claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. *Enochs*, 641 F.3d at 159. The general rule is to decline to exercise jurisdiction when

---

Cir. 1995). The summary judgment evidence is devoid of any facts establishing such an intent.

all federal claims are dismissed or otherwise eliminated from a case prior to trial. *Smith v Amedisys Inc.*, 298 F.3d 434, 446-47 (5th Cir. 2002).

The Court finds declining to exercise supplemental jurisdiction over Plaintiff's state law claims is proper under the above-mentioned factors. The factors of fairness, judicial economy, and convenience are neutral in this case. Although this matter has been pending for over a year and a half, it appears as though limited discovery has been conducted by the parties, there has been very few filings, and this Court has not made any rulings pertaining to Plaintiff's state law claims. Further, proceeding with this matter in the 28th Judicial District Court would be more convenient to the parties – each of whom live in or near LaSalle Parish – than the federal courthouse in Alexandria. *See Welch v. Jannereth,* 496 Fed.App'x. 411 (5th Cir. 2012).

Additionally, were the Court to retain jurisdiction, it would be incumbent upon the Court to adjudicate issues related to proper interpretation of Louisiana law that are more appropriately reviewed by a Louisiana court in the first instance. *See Hicks v. Austin Indep. School Dist.,* 564 Fed.App'x 747, 749 (5th Cir. 2014). Accordingly, the Court concludes that it is appropriate to decline to exercise supplemental jurisdiction over Plaintiff's remaining claims.

Because this case was brought to this Court through its removal by the Defendants, the Court remands it to the 28th Judicial District Court for resolution of the state law claims asserted in the Plaintiff's petition.

## CONCLUSION

For the above-mentioned reasons, **IT IS HEREBY ORDERED** that**:**

Defendants' MOTION FOR SUMMARY JUDGMENT [Doc. 30] is **GRANTED** as to Plaintiff's due process claims under 42 U.S.C. § 1983 against Defendants, LaSalle Parish School Board and Janet Tullos, which are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' MOTION FOR SUMMARY JUDGMENT [Doc. 30] is **DENIED** to the extent it requests this Court dismiss Plaintiff's state law claims. Plaintiff's remaining state law claims in the above-captioned matter are **REMANDED** to the 28th Judicial District Court for the Parish of LaSalle, State of Louisiana, for resolution.

**THUS, DONE AND SIGNED** in Chambers on this 1st day of October, 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE